IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| LAWAN ENGLISH, | ) | 8:15CV458 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TIME WARNER CABLE INFORMATION SERVICES (NEBRASKA), LLC, ESIS WORKERS COMP INSURANCE, and JOSEPH HECKELBECK, | ) | |
| Defendants. | ) | |

Plaintiff, Lawan English, filed this case on December 17, 2015. She has been granted leave to proceed in forma pauperis. The court now conducts an initial review of English's complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

English claims she was mistreated while being trained as a new employee at Time Warner Cable (TWC). Three incidents are identified.

First, English alleges that nothing was done after she complained to her supervisor on May 5, 2015, that Joe Heckelbeck, TWC's Technical Human Resources Facilitator, was giving her "intimidating stares" and that she "felt as if he was racially profiling." The day before, Heckelbeck allegedly introduced himself to English and the other three trainees by stating that he was a former policeman who had killed a black man after being stabbed.

Second, English alleges that she was injured on May 7, 2015, while Heckelbeck was making the trainees carry 28-foot ladders weighing at least 84 pounds. English alleges that she was the oldest of the four trainees, and the only woman. The trainees were instructed to carry the ladders back and forth three times over a distance of 75 feet, but English dropped the ladder and walked off crying after completing only the first leg of the exercise. English alleges that no other women have been required to carry a ladder that heavy, and that "there's only one other lady tech and her ladder is lighter and shorter." English also alleges Heckelbeck asked whether she was ready to give up after he saw her talking to the supervisor.

Third, English alleges that on May 20, 2015, Heckelbeck told the other trainees that English was faking her injury because "that['s] what [they] do to get money," and said he was not going to train her. Heckelbeck allegedly also warned one of the men to stay away from English because she was going to file a sexual harassment lawsuit "because that's what [they] do."

English alleges that a claim was presented to the Nebraska Equal Opportunity Commission, but there is "no result at this time." As relief, English is seeking damages of $5.7 million for her physical injuries and $5.2 million for violations of her civil rights. (Filing No. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, English has alleged claims for (1) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; (2) sex discrimination, also under Title VII; (3) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and (4) negligence under common law. The complaint, however, does not satisfy the general rules of pleading in several respects.

#### A. Exhaustion of Administrative Remedies

Prior to filing a suit in federal court under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines there is no

reasonable cause, the agency will then issue the charging party a right-to-sue notice. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)(1),(e).

English indicates a discrimination charge was filed with the NEOC, but states there was "no result" at the time her complaint was filed. It thus appears on the face of the complaint that the lawsuit is premature. The receipt of a right-to-sue notice is not a jurisdictional prerequisite, however, but rather is a condition precedent to filing a Title VII or ADEA claim, curable after the action has commenced. *See Jones v. American State Bank*, 857 F .2d 494, 499-500 (8th Cir. 1988) (Title VII); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002) (ADEA).

### *B. Title VII – Race and Sex Discrimination Claims*

Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case of discrimination under Title VII, English must establish that she: (1) is a member of a protected class, (2) met her employer's legitimate expectations, (3) suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).

English does not specifically allege that she is a member of a racial minority, and the facts alleged are not sufficient to give rise to an inference of either race-based or sex-based discrimination. Moreover, the facts alleged do not indicate that English suffered an adverse employment action. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir. 2005) (quoting *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)). "Termination, reduction in pay or

benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not." *Id.* (quoting *Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000)).

English may be claiming she was subjected to a hostile work environment. To establish a prima facie case, English must show that (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. *Id.* The environment must be both objectively hostile to a reasonable person and subjectively hostile to the victim. *Id.* Factors to be considered include "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id.* The facts alleged do not rise to the level of a hostile work environment.

### C. ADEA – Age Discrimination Claim

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case under the ADEA, English must show: (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly-situated employees were treated more favorably. *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012). English does not allege that she is over 40 years old or that she suffered an adverse employment action. The facts alleged also fail to create an inference of age discrimination.

### D. Negligence Claim

Although English characterizes the May 7, 2015 training incident as involving an "intentional injury" (Filing No. 1 at CM/ECF p. 2), she fails to allege any facts to establish that Mr. Heckelbeck intended to cause physical injury by having her carry a ladder. Liberally construed, however, the complaint alleges a claim for negligence under Nebraska law. In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages. *Peterson v. Kings Gate Partners-Omaha I, L.P.*, 861 N.W.2d 444, 448 (Neb. 2015). With respect to damages, English alleges she experienced pain while carrying the ladder, but does not allege any other bodily injury. She states: "[T]he ladder was crushing my right side digging into my neck, pressing down into clavicle. It felt like my whole right side was about to rip apart. I took my left hand and pushed the ladder off because there was no feeling on my right side. I then walked off crying." (Filing No. 1 at CM/ECF p. 3).

On the facts alleged in the complaint, and notwithstanding English's demand for $5.7 million in damages for physical injuries, it is obvious that the amount in controversy does not meet the minimum jurisdictional amount of $75,000.00 for actions involving citizens of different states. *See* 28 U.S.C. § 1332. Although the court might exercise supplemental jurisdiction over the state-law negligence claim as being related to a claim arising under federal law, *see* 28 U.S.C. § 1367, English must show that she has an actionable claim under Title VII or the ADEA in order for the court to exercise supplemental jurisdiction. As discussed above, she has not yet done so.

### E. Amendment of Complaint

On the court's own motion, the court will give English 30 days in which to file an amended complaint that alleges sufficient facts to state a claim upon which relief can be granted under Title VII or the ADEA. In addition, English must show

that all such claims have been administratively exhausted by filing a copy of the right-to-sue notice.

IT IS ORDERED:

1. English will have 30 days in which to file an amended complaint that sets forth employment discrimination claims upon which relief can be granted and also a copy of the right-to-sue notice.

2. Failure to file an amended complaint and a copy of the right-to-sue notice in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. The clerk's office is directed to set a pro se case management deadline using the following text: May 6, 2016: check for second amended complaint.

DATED this 6th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge